**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICARDO AVILA-GARCIA,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No.    17-70005

Agency No. A205-319-746

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2026[**]

Before: BERZON, NGUYEN, and OWENS, Circuit Judges.

Petitioner Ricardo Avila-Garcia ("Avila"), a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his

appeal of an immigration judge's denial of his application for protection under the

Convention Against Torture ("CAT").  We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  Reviewing for substantial evidence, *see Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021), we deny the petition.

Substantial evidence supports the BIA's finding that Avila failed to establish that it is "more likely than not" that he would be tortured if removed to Mexico. *See Flores Molina v. Garland*, 37 F.4th 626, 639 (9th Cir. 2022).  Avila argues that he would be a target for kidnapping or extortion by criminal groups in Mexico because, having lived in the United States since he was six years old, he would be treated as if he were an American with his distinctive dress style, speech, and behavior.  Avila's evidence concerned only the general conditions that he had heard or read about, rather than on personal knowledge or any actual instance of harm to him.  His "speculative fear of torture is insufficient to satisfy the 'more likely than not' standard." *Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021).

Further, substantial evidence supports the BIA's finding that Avila had failed to show that Mexican authorities will participate in or acquiesce to the torture of deportees from the United States.  Instead, he only offered "[g]eneralized evidence of violence" in Mexico, which "is itself insufficient to establish that anyone in the government would acquiesce to a petitioner's torture." *B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022).  Avila cites the Country Report's reference to "[s]ignificant human rights-related problems includ[ing] police and

military involvement in serious abuses." But the Country Report also states that Mexican law provides criminal penalties for official corruption and that there were "numerous investigations into corruption by police at the federal, state, and local level." Thus, the evidence does not compel the conclusion that the government would acquiesce in any torture.[1]

**PETITION DENIED.**[2]

---

[1] Avila also argues that he fears being singled out for harm due to his mental health condition. Because this argument was not raised before the BIA, it is unexhausted. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

[2] The motion for a stay of removal, Dkt. No. 1, is denied. The temporary stay of removal is lifted.